

# Missouri Court of Appeals
## Southern District
### Division One

| | | |
|---|---|---|
| In re the Marriage of SUSAN JANE FREED and MICHAEL LEO FREED | ) | |
| | ) | |
| SUSAN JANE FREED, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD35853 |
| | ) | |
| MICHAEL LEO FREED, | ) | Filed October 31, 2019 |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable D. Blake Pearson

AFFIRMED

Susan Jane Freed ("Wife") appeals the trial court's judgment dissolving her marriage with Michael Leo Freed ("Husband") that ordered an agreed-upon $11,063.60 adjustment in the division of Husband's 401(k), as previously provided in the trial court's judgment of legal separation and accompanying Qualified Domestic Relations Order. Finding no merit in Wife's sole point relied on, we affirm.

Based upon the parties' stipulation for settlement of all issues, the trial court entered a Judgment and Decree of Legal Separation on August 14, 2017 (the "legal separation judgment").

1

In accordance with that judgment, the trial court entered a Qualified Domestic Relations order on October 5, 2017, dividing Husband's 401(k).

On July 1, 2018, Husband filed a Motion to Convert Legal Separation to Dissolution of Marriage (the "conversion motion') seeking a judgment of dissolution and, in addition, asserting:

> The parties have agreed to include in the [dissolution judgment] an additional provision which corrects certain accidental transfers of funds so as to effect the intent of the division of property set forth in the [legal separation judgment], to wit: [Wife] will make a non-taxable transfer of the sum of $11,063.60 from her 401(k) to [Husband's] 401(k) . . . through a QDRO prepared by [Wife's] attorney within fifteen (15) days of the entry of the [dissolution judgment].

Along with this motion, Husband's counsel also submitted "a proposed Judgment and Decree of Dissolution of Marriage which has been approved by [Wife]." The next day, the trial court entered its order granting the conversion motion and, in accordance with that motion, executed and entered its judgment (the "dissolution judgment") with the requested 401(k) adjustment in the form as submitted by Husband and agreed to by Wife.

In a single point on appeal, Wife claims the trial court erroneously entered the dissolution judgment with the 401(k) adjustment because it was "contrary to the agreement of the parties" that gave rise to the entry of the legal separation judgment, it was contrary to "the opinion of the Plan Administrator," and "the court lacked jurisdiction as the distribution of marital property [in the legal separation judgment] was final."

First, trial court error, if any, by the inclusion of the 401(k) adjustment in the dissolution judgment because it was "contrary to the agreement of the parties" that gave rise to the entry of the legal separation judgment, was invited by Wife and is, therefore, waived on appeal.

> A party cannot complain on appeal about an alleged error in which that party joined or acquiesced at trial. That is, a party cannot lead a trial court into error and then employ the error as a source of complaint on appeal. Appellate courts will not reverse a trial court on the basis of an invited error.

*In re Marriage of Cunningham*, 571 S.W.3d 688, 695 (Mo.App. 2019) (internal quotations and citations omitted).  Through the representations in the conversion motion, Wife asserted to the trial court on that motion's filing date that the inclusion of the 401(k) adjustment in the dissolution judgment was required "so as to effect the intent of the division of property set forth in the [legal separation judgment][.]"  Wife has made no claim in the trial court or on appeal that the representations made by Husband's counsel in the conversion motion asserting the existence and nature of the parties' agreement about the 401(k) adjustment and the form of the proposed dissolution judgment containing the 401(k) adjustment were inaccurate in any respect.  By her agreement with Husband at that time, therefore, Wife invited the trial court to enter the dissolution judgment with the 401(k) adjustment, which is exactly what it did the next day.  Having issued an invitation to the trial court to effectuate the intent of the parties' agreed-upon division of their property by entering the dissolution judgment with the 401(k) adjustment, Wife has waived any claim in this appeal that the entry of that judgment is contrary to that property division agreement.  *See id.*

Second, Wife's claim that the 401(k) adjustment in the dissolution judgment is contrary to "the opinion of the Plan Administrator" cannot serve as a basis for trial court error in entering the dissolution judgment on July 2, 2018, as she now challenges on appeal, because it was not raised by Wife until *after* the trial court entered the judgment.  In post-judgment motions, Wife first alleged that, according to the plan administrator of Husband's 401(k), the 401(k) adjustment in the dissolution judgment was not appropriate.  Those motions were overruled without any expressed factual findings by the trial court following a hearing on September 13, 2018, where "evidence and testimony was adduced[.]"  Wife's point relied on does not challenge the trial court's denial of these motions, but rather, challenges only the trial court's entry of the

3

dissolution judgment on July 2, 2018. Moreover, the record on appeal does not support that the trial court found an evidentiary basis for any of Wife's allegations in her post-judgment motions. Those motions were unverified and were not supported by affidavit. Wife has not included in the record on appeal a transcript of the trial court's September 13, 2018 evidentiary hearing. Based upon this state of the record on appeal and the claim asserted by Wife in her point relied on related to her post-judgment allegation as to "the opinion of the Plan Administrator," she has failed to assert, much less demonstrate, any cognizable error committed by the trial court on July 2, 2018, in entering the agreed-upon dissolution judgment.

Finally, Wife has failed to demonstrate that the trial court lacked jurisdiction to enter the agreed-upon dissolution judgment. "[T]he courts of this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction[.]" *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). Neither Wife's point nor her argument thereunder substantively addresses either constitutionally recognized jurisdictional doctrine. This is a civil case, therefore, the circuit court has subject matter jurisdiction. *Id.* "The circuit court also has the power to render a judgment that binds the parties, who both are residents of Missouri. Therefore, it has personal jurisdiction." *Id.* The trial court, therefore, has jurisdiction to enter the agreed-upon dissolution judgment and Wife has failed to demonstrate otherwise.

Wife's point relied on is denied, and the trial court's dissolution judgment is affirmed.[1]


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

---

[1] Husband's request for damages for frivolous appeal is denied.

WILLIAM W. FRANCIS, JR., J. – concurs